AUSTIN, et ux v. HARTNETT, et al.

Circuit Court, Dade County.

September 2, 1955.

C. Wesley Gustafson, Coral Gables, for plaintiffs.

Edward L. Semple, Miami, for defendants.

GRADY L. CRAWFORD, Circuit Judge.

All dates mentioned in this decree are in 1955, unless otherwise stated. On February 15 Burdine's, Inc., a Florida corporation, as "owner" filed an application or exception with the zoning board of appeals of Coral Gables concerning certain real property located in the city. The applicant asked the board—"to rezone a certain part of the area now zoned R-1 to permit construction of additional units to the present shopping center as located on survey submitted, and to extend the area now used for parking to that area shown on the survey through granting of a 'special use'."

The board set a hearing on the application for March 7, giving notice of such hearing as required. On March 2 the plaintiffs in this suit, as property owners within 300 feet of the property sought to be rezoned and in the "area affected" as defined by the zoning ordinance, received notice of the application and the hearing thereon. More than 20% of the property owners in the "affected area" protested in writing against the proposed change prior to the hearing. One member of the board disqualified himself.

After the hearing on March 7, the board on March 29 favorably recommended the changes applied for by a vote of 3 to 1. The recommendation was transmitted to and read by the mayor at the regular meeting of the city commission on the same day, March 29. It was pointed out to the commission, by opponents of the change who were present that section 25, subparagraph 4 of city ordinance #271, as amended (the zoning ordinance) provides that where 20% of the owners of property within the "affected area" file written protests—"then no recommendation of such amendment shall be made by the zoning board except on the affirmative vote of four-fifths of the members of the board." The zoning board recommendation lacked a four-fifths vote of the members.

On March 30 Burdine's, Inc. filed its notice of appeal to the city commissioners from the decision of the zoning board of appeals made at its meeting on March 29. Notices were mailed by the city clerk on March 31 stating that the hearing on the appeal would be held at the regular meeting of the city commission on April 12.

A hearing was held by the city commissioners on April 12 on the "notice of appeal" but no action was taken and the meeting was adjourned until 9 A.M. of the following day, April 13, when the commission met to canvass the ballots of a city election held April 12 to elect three new commissioners and a mayor.

Upon reconvening on April 13 a motion was made to approve the Burdine application with five detailed stipulations. The motion was seconded and two of the remaining three commissioners expressed themselves in support thereof. The meeting was then recessed until 2:30 P.M. of the same day so that the city attorney could prepare an "ordinance including the above discussed propositions." The commission reconvened at 2:30 P.M. on April 13 and by a four-fifths vote passed ordinance #897, which amended ordinance #271 (the zoning ordinance). Thereupon the city commission, by resolution, recessed its meeting of April 13 until 9 A.M., April 14.

The city commission reconvened on April 14 at 9 A.M. whereupon ordinance #897, which had been read and adopted on first reading April 13, was passed on second reading by a four-fifths vote.

This was almost the last official act of the city commission—the newly elected mayor and three new commissioners were seated at noon the following day.

Following the passage of ordinance #897 plaintiffs filed their "Amended Complaint for Declaratory Decree and Injunction" to

which the defendants answered. The cause then came on to be heard on final hearing. The court having heard the testimony of the parties and their witnesses, read and reviewed the exhibits admitted in evidence, heard the arguments of counsel and read their briefs, finds—

That Burdine's, Inc. does not in fact own the property described in its application filed with the zoning board but holds options to buy on most of the property, which options are conditioned on securing the rezoning of the property. A corporation owned or controlled by Burdine's owns two or three small lots within the area in question.

That the procedural steps taken by the applicant Burdine's, in connection with the filing of the application with the zoning board, the notice of appeal to the city commission and the hearings before that commission, while hurried, were legal and in accordance with applicable law.

That the property sought to be rezoned by Burdine's, including blocks 149, 150, 151, 152, 153, 154, 157 and 158 of Riviera Section, Part 8 of Coral Gables, together with the unplatted northeasterly portion of the "Callahan Trust" adjacent to Maynada Boulevard, were zoned R-1 for residential use at the time of the Burdine application.

That the alleged parking permit granted for blocks 151, 152, 153, 157 and 158, Riviera Section, Part 8, by resolution #3490 passed and adopted by the city commission on May 16, 1950 was never used or accepted and was no longer in existence on February 15, 1955, because any and all rights granted by said permit were extinguished under the provisions of ordinance #271, as amended, by non-use and passage of time.

That the streets and roads in the property in question were never opened or used, but had been platted of record and dedication accepted by the city.

That the plaintiffs selected and purchased the property they own and occupy as a home only after investigation and consideration of the residential zoning of the area and surrounding neighborhood, together with the platted streets and lots of record. That the plaintiffs will be damaged and their property depreciated in value by the rezoning.

That no "hardship" under previous zoning was shown by the applicant Burdine's, nor was there any showing of any "change in the neighborhood or area" necessitating rezoning of the prop-

erty. That the property sought to be rezoned can be readily used as residential property. That adequate shopping centers are in reasonably close proximity to the property.

That ordinance #897 of the city of Coral Gables in section 1(a) thereof, by metes and bounds description, rezones from R-1 to C-2 for commercial use all of blocks 157 and parts of blocks 158, 151, 152, 153 and 154, together with the streets lying within said area, while section 1(b) of the ordinance rezones blocks 151, 152, 153, 157 and 158 in their entirety "for use for parking facilities in connection with commercial buildings to be built on Tract A" etc., which "Tract A" is adjacent to the rezoned property, but not a part of the ordinance #897 or of the suit.

That ordinance #897 is indefinite and uncertain and by its terms vests arbitrary discretion in the city commissioners without prescribing a uniform rule of action or standard of conduct to follow in implementing, authorizing or supervising the provisions thereof.

That ordinance #897 provides that the city enter into a contract with a private corporation in connection with the proposed rezoning concerning the proposed plans, development and maintenance of a shopping center. Such a contract between a city and a property owner should not enter into the enactment or enforcement of zoning ordinances.

That ordinance #897 permits "spot zoning" for the benefit of one owner or "optionee" and is without any substantial relationship to the public health, safety, morals or general welfare of the citizens of the community.

It is thereupon ordered, adjudged and decreed that ordinance #897 of the city of Coral Gables be, and the same is hereby declared void, invalid and of no legal force and effect and the defendants are restricted and enjoined from proceeding or acting thereunder.